**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────

**UNITED STATES OF AMERICA**

       - against -                       08-cr-1343 (JGK)

**JASON CUMMINGS,**                             <u>ORDER</u>

            Defendant.
────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The defendant, Jason Cummings, has moved pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to reduce the sentence of imprisonment imposed by this Court. The defendant argues that his sentence should be reduced based on his alleged medical condition and the conditions of his confinement at Oakdale I FCI ("Oakdale"). The defendant is currently serving a 30-month sentence imposed by this Court, six months of which are to run consecutively to a longer sentence that the defendant is serving that was imposed in the Eastern District of Virginia. The defendant has failed to show that he should be granted compassionate release from the sentence imposed by this Court in this case. <u>See generally</u> <u>United States v. Hidalgo</u>, No. 13-cr-413-2, 2020 WL 2642133 (S.D.N.Y., May 26, 2020).

    On December 23, 2010, this Court sentenced the defendant to 60 months' imprisonment based on his plea of guilty to a conspiracy in violation of 21 U.S.C. § 846 to distribute and to possess with intent to distribute cocaine base in a form normally known as "crack" in violation of 21 U.S.C.

§ 841(b)(1)(A). The Guideline Sentencing Range for the offense was 84 to 105 months based in part on an enhancement for the use of a firearm and a Criminal History Category of V.  Thirty months of the sentence was to run concurrently with a 225-month sentence of imprisonment for another narcotics offense that had been imposed in the Eastern District of Virginia, and 30 months was to run consecutively to that sentence. Subsequently, the sentence in the Eastern District of Virginia was reduced to 178 months' imprisonment.  By Order dated May 1, 2019, this Court reduced the defendant's term of imprisonment for the offense, to which the defendant pleaded guilty in this Court, to 30 months' imprisonment, 24 months of which is to run concurrently with the sentence of imprisonment imposed in the Eastern District of Virginia and six months of which is to run consecutively.  The defendant is now scheduled to be released from imprisonment on September 6, 2021.

      The defendant has exhausted his administrative remedies because his counsel filed a request for compassionate release on June 22, 2020 with the Warden at Oakdale, and 30 days have passed after submitting the request and no response has been received.

      The defendant has failed to make a sufficient showing of extraordinary and compelling circumstances warranting his release pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i).  The

Government represents that the defendant tested positive for COVID-19 in May 2020, was thereafter quarantined, and subsequently tested negative for the virus on two occasions. The evidence is unclear whether, in the remaining term of his imprisonment, he will be susceptible to re-infection with the virus.  Therefore, the fact that the defendant suffers from asthma making him more prone to serious effects of the virus is not a compelling reason to grant release. Similarly, the fact that Oakdale has had a poor record of dealing with COVID-19 does not mean that there is a compelling reason to reduce this defendant's sentence of imprisonment.

More importantly, the relevant section 3553(a) factors, which the Court is required to consider, do not support a reduction in the term of imprisonment.  In May 2019, the Court considered the section 3553(a) factors, along with other considerations and reduced the defendant's sentence of imprisonment by half, and reduced the amount of the sentence of imprisonment that was consecutive to the term imposed in the Eastern District of Virginia from 30 months to six months.  The Court found that "some increment over the separate sentence rendered in the Eastern District of Virginia is appropriate." The underlying offense in this case was serious, involving a substantial conspiracy to distribute drugs and the use of a firearm.  The defendant had a substantial criminal history.

There was a need for deterrence and protection of the public. The sentence sought by the defendant, namely a reduction to time served, would mean that there would have been no sentence of imprisonment to be served for the offense to which the defendant pleaded guilty in this Court because the defendant has not yet begun to serve the sentence of imprisonment that is consecutive to the term of imprisonment imposed in the Eastern District of Virginia. That would not be consistent with the section 3553(a) factors that the Court is required to consider before granting a reduction in a sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

The Court has considered all of the arguments raised. To the extent not specifically addressed above, the arguments are either moot or without merit. The defendant's application for a reduction in his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied, without prejudice to renewal should there be any changed circumstances warranting such relief. Moreover, this Court would give prompt consideration to any applications relating to the defendant's medical treatment at Oakdale.

**SO ORDERED.**

**Dated:    New York, New York
           August 17, 2020**                  ___/s/ John G. Koeltl___
                                                  **John G. Koeltl
                                          United States District Judge**